# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Nhut Le and Chai M. Le,
                                                     Civil No. 13-1920 SRN/JJK

                Plaintiffs,

v.
                                         **AMENDED
REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTIONS TO
DISMISS AND MOTIONS ON
BANKRUPTCY REFERENCES**

Wells Fargo Bank, NA, Schiller &,
Adam, P.A. James J. Pauly, Divine
N. Difongwa, Sidney Jintara, Sarah J.B.
Adam, and Rebecca Schiller,

                Defendants.

      Nhut Le and Chai M. Le, 422 Eldridge Avenue East, Maplewood, MN
      55117, pro se plaintiffs;

      Ellen B. Silverman, Esq., Hinshaw & Culbertson LLP, and Jeffrey D.
      Klobucar, Esq., Schiller & Adam, P.A., for defendant Wells Fargo Bank,
      N.A.; and

      Jeffrey D. Klobucar Esq., Schiller & Adam, P.A., for defendants Schiller &
      Adam, P.A., James J. Pauly, Divine N. Difongwa, Sidney Jintara, Sarah
      J.B. Adam, and Rebecca Schiller.


        This action is before the Court, Magistrate Judge Jeffrey J. Keyes,

on separate motions to dismiss by Defendants Wells Fargo Bank, N.A., and Wells

Fargo & Company ("Wells Fargo") [Doc. No. 100], and Defendants Schiller &

Adam, P.A., James J. Pauly, Divine N. Difongwa, Sidney Jintara, Sarah J.B.

Adam, and Rebecca Schiller ("Schiller Defendants") [Doc. No. 106].  Defendants

further move for procedural relief to facilitate consideration of certain issues by

the appropriate court.[1]  Hearing on the motions was held on February 27, 2014,

at the United States Courthouse, 316 No. Robert St., St. Paul, Minnesota.  The

motions have been referred to the Magistrate Judge for report and

recommendation under 28 U.S.C. §636(b)(1).  It is the court's determination

herein that the Defendants' motions as to Bankruptcy Court references should be

granted; the separate motions to dismiss by Wells Fargo and the Schiller

Defendants should be granted; and Plaintiffs' motion under Fed. R. Civ. P. 12(f)

to strike Defendants' motion submissions should be denied.

I. **Background**

        The claims in this case arise out of the foreclosure and sheriff's sale

of Plaintiffs Nhut Le and Chai M. Le's residence located at 422 Eldridge Avenue

East, Maplewood, Minnesota.  A mortgage on the property was granted to Wells

Fargo on October 7, 2011, as security for a promissory note in the amount of

$155,944, also executed on October 7, 2011, in favor Wells Fargo as the lender.

(Doc. No. 103; Aff. of Silverman, Attach. pp. 1-11.)  There were no sales or

---

        [1] By Order dated October 17, 2013, this action (Civil No. 13-1920) was
consolidated with several other cases which had originated in bankruptcy court
but were then pending in District Court as separate actions.  Each of the cases
involved, in some regard, the foreclosure of plaintiffs' residence.  The matters
were consolidated primarily for purposes of allowing the Court to consider the
related actions in a comprehensive fashion with respect to foreclosure issues.
Pursuant to the Order for Consolidation (Doc. No. 68), the plaintiffs filed an
Amended Complaint (Doc. No. 95) which is now under consideration on motions
to dismiss.  For purposes of placing the claims in the proper procedural posture in
light of Bankruptcy Court jurisdiction, defendants have filed motions relating to
reference of certain matters to the Bankruptcy Court.

assignments of the note or the mortgage.  (*Id.*, Attach. 69.)  Foreclosure proceedings commenced in June 2012 (*Id.*, Attach. 53), and the property was sold to Wells Fargo for the sum of $170,192.07 at a Sheriff's sale held on October 2, 2012.  (*Id.*)   The Plaintiffs were given notice that unless the mortgage was reinstated or the redemption period was altered, they were required to vacate the premises by April 2, 2012.  (*Id.* Attach. 61.)  The mortgage was not reinstated and the redemption period expired on April 2, 2013. (*Id.* Attach. 69-70.)

## II. **Procedural History and Claims**

Despite having failed to make even a single payment on the mortgage,[2] Plaintiffs continued to occupy the residence.  Defendant Schiller & Adam commenced an eviction proceeding in Ramsey County on April 23, 2013. (Case No. 62-HG-CV-13-1016)  The matter was stayed by the Ramsey County Housing Court pending an anticipated bankruptcy filing.  (*Id.*)  Plaintiffs filed for bankruptcy on May 7, 2013.  (Bky. Case No. 13-32274.)[3]

On May 17, 2013, Plaintiffs commenced an adversary proceeding in the bankruptcy action (Adv. No. 13-03108) ("3108") asserting many of the same

---

[2] Plaintiff Nhut Le acknowledged at the hearing that no mortgage payments were made, stating that he had lost his job upon suffering a back injury shortly after purchasing the residence.

[3] Jurisdiction over bankruptcy matters is conferred on the Bankruptcy Court judges pursuant to a Standing Order of Reference entered July 27, 1984 by Dist. of Minnesota Chief Judge Miles W. Lord ("1984 Order").  (Decl. of Klobucar, Ex. E.)  The Bankruptcy Court has primary/original jurisdiction over core bankruptcy claims unless the reference is withdrawn.

claims alleged in the present case (13-1920).[4]  Defendants moved to dismiss the

3108 action in June 2013.  On July 3, 2013, the Plaintiffs "removed" the eviction

matter from Ramsey County Court to the Bankruptcy Court as a second

adversary proceeding.  (Adv. No. 13-03135) ("3135").[5]

        This case (13-1920) was filed in District Court on July 17, 2013.

(Doc. No. 1.)  On July 31, 2013, Plaintiffs filed a "Notice of Removal" in their

bankruptcy case, which essentially transferred the entire bankruptcy case to

District Court as Civil File No. 13-2064 ("2064").  On that date, Wells Fargo also

moved in Bankruptcy Court to remand the eviction matter to Ramsey County

Court.  Finally, on August 14, 2013, Plaintiff filed a Notice of Removal of the

eviction matter within the 3135 adversary proceeding, which manifested itself in

District Court as Civil File No. 13-2199.

        On October 17, 2013, Judge Nelson issued a Consolidation Order

consolidating the 1920, 2064 (core bankruptcy), 3108 (adversary), and 3135

(eviction) cases for all purposes in Case Number 13-1920.  (Doc. No. 68.)  The

---

[4] Adversary proceedings may be filed in Bankruptcy Court by the trustee or another party in the bankruptcy.  For example, the trustee may bring tort law actions as adversary proceedings to attempt to recover the sum owed on behalf of the bankruptcy estate.

[5] Plaintiffs filed another document entitled "Notice of Removal" as an Adversary Proceeding on July 23, 2013.  (Bky. Case No. 13-32274, Doc. 29.) This filing was in error, and the case was dismissed on October 15, 2013.  (Bky. Case No. 13-32274.)

Order denied all pending motions without prejudice and ordered Plaintiffs to file an Amended Complaint.  (*Id.*)

On November 19, 2013, Plaintiffs Nhut Le and Chai M. Le filed a 33-count Amended Complaint (Doc. 95) in which they allege violations of civil rights under 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986 (Counts 1-5); bankruptcy fraud (Count 6); violation of the Fair Housing Act (Count 7); violations of the Fair Debt Collection Practices Act (Count 8); RICO violations (Count 9); violation of the Consumer Credit Protection Act (Count 10); violation of the Real Estate Settlement Procedures Act (Count 11); violation of the Home Owner Equity Procedures Act (Count 12); multiple violations of the Federal False Claims Act (Counts 13-17); securities fraud (Count 18); Minnesota False Claims Act violation (Count 19); quiet title (Count 20); U.S. Constitutional violations (Count 21); adverse possession (Count 22); cancellation of false liens and false interest on real property (Count 23); aiding and abetting (Count 24); civil conspiracy (Count 25); breach of contract (Count 26); tortuous interference with business contract (Count No. 27); unjust enrichment (Count 28); malicious prosecution (Count 29); breach of duty of good faith and fair dealing (Count 30); intentional infliction of emotional distress (Count 31); deceptive trade and unfair business practices (Count 32); and declaratory judgment (Count 33).

III.  **Bankruptcy References**

A.  **Defendants' Motion to Withdraw the Reference as to the**

**2050 Case.**   On December 6, 2013, Defendants' filed a Motion to Withdraw the

Reference as to the 2050 Case, i.e. the 3108 adversary case,[6] (Doc. No. 121),

thereby allowing the matter to proceed in District Court.  In their supporting

memorandum, Defendants concede that mandatory withdrawal is not required.

(Doc. No. 123 at 6–7.)  Defendants argue, however, that discretionary withdrawal

is appropriate because the issues presented are all non-core proceedings that

need not be adjudicated in bankruptcy court.  (*Id.* at 7–8.)

Under 28 U.S.C. § 157(d), the court may withdraw the reference "for

cause shown."  Although the statute does not describe what type of cause is

sufficient to justify withdrawal of the reference, the Court "should consider the

goals of promoting uniformity in bankruptcy administration, reducing forum

shopping and confusion, fostering the economical use of the debtors' and

creditors' resources, and expediting the bankruptcy process." *Kelley v.

JPMorgan Chase & Co.*, 464 B.R. 854, 861 (D. Minn. 2011).  Other factors to

consider include "whether the claim is core or non-core, whether withdrawal

would promote the efficient use of judicial resources, whether a jury has been

demanded and whether withdrawal would prevent delay." (*Id.*)

This court agrees with the Defendants that the reference should be

withdrawn.  The issues presented in the 3108 adversary case are non-core

issues.  Additionally, judicial economy favors keeping the 3108 case in the District

---

[6] Plaintiffs did not respond to this motion.

Court with the 1920 case because the two contain similar allegations.  Also,

litigating the cases separately may result in conflicting holdings or potential issues

of *res judicata*.  Accordingly, Defendants' Motion to Withdraw the Reference as to

the 2050 Case should be granted.  The 2050 case claims are addressed in the

context of the motions to dismiss under consideration in this Report and

Recommendation.

B. **Defendants' Motion to Sever the Bankruptcy Case.**  On

December 6, 2013, Defendants filed a Motion to Sever the Bankruptcy Case.

(Doc. No. 128.)  In their supporting memorandum, Defendants' argue that the

Bankruptcy Case should be severed and allowed to proceed in Bankruptcy Court.

(Doc. No. 130.)  Plaintiffs did not respond to this motion, but indicated in their

earlier Motion to Withdraw the Reference that they wish to keep the Bankruptcy

Case in Bankruptcy Court so that they may continue to pay into their Chapter 13

plan.  (Doc. No. 76 at 4.)

Both Plaintiffs and Defendants want the core Bankruptcy Case to

remain in Bankruptcy Court; neither side has filed a motion to withdraw the

reference to Bankruptcy Court; and this Court does not have jurisdiction over the

bankruptcy case issues unless the reference is withdrawn.  There is no

compelling reason to withdraw the reference or to continue the Bankruptcy Case

in this Court.  Accordingly, Defendants' Motion to Sever the Bankruptcy Case

should be granted and the core bankruptcy case should be allowed to proceed in

Bankruptcy Court.

C. **Defendants' Motion to Withdraw the Reference as to the Eviction Matter, Sever the Eviction Matter from the Consolidated Case, and Remand the Eviction Matter to State Court.**  On December 6, 2013, Defendants filed a Motion to Withdraw the Reference as to the Eviction Matter, Sever the Eviction Matter from the Consolidated Case, and Remand the Eviction Matter to State Court.[7]  (Doc. No. 114.)

1. **Withdrawing the Reference as to the Eviction Matter**

In their supporting memorandum, Defendants argue that discretionary withdrawal of the reference is appropriate in this case.  (Doc. No. 116 at 8–9.)  Defendants concede that this case does not require mandatory withdrawal, but instead argue that discretionary withdrawal is appropriate because all of the issues are non-core proceedings.  (*Id.*)

In this case, the issues in the 3135 adversary case are non-core. Additionally, confusion of the issues in the eviction case would be reduced and judicial efficiency would be improved as to the other consolidated cases by the removal of the 3135 case because the claims are unrelated to the other cases in the consolidated proceedings, except to the extent that they involve some common parties.  Thus, withdrawal of the reference is appropriate with regard to the 3135 eviction matter.

_____

[7] Plaintiffs did not respond to this motion.

## 2. **Severing and Remanding the Eviction Case**

Defendants argue that the Court lacks subject matter jurisdiction in the Eviction Case and, thus, should sever and remand it.  (Doc. 116 at 10–15.) The court has broad discretion to sever claims under Federal Rule of Civil Procedure 21.  In this case, the interests of judicial efficiency and eliminating confusion favor severing the claim. The 3135 case is unrelated to the other claims in the consolidated case.  Maintaining the eviction case in the consolidated case simply because it has common parties may confuse the issues and hinder judicial efficiency in resolving the claims.  Further, as described below, there is no independent basis for subject matter jurisdiction for the eviction case.  It should be severed from the consolidated case so that it may be remanded to state court.

## 3. **Remanding the Eviction Case to State Court**

A court may not adjudicate a case unless that court has subject matter jurisdiction over the claims.  The most common bases for subject matter jurisdiction are "federal question" jurisdiction and "diversity" jurisdiction. The U.S. District Courts have "federal question" jurisdiction over claims arising under "the Constitution, laws, or treaties of the United States."  (28 U.S.C. § 1331).  The U.S. District Courts have "diversity" jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.  (28 U.S.C. § 1332.)  Under the "forum defendant" rule, however, a diversity jurisdiction case may only be removed to Federal Court if none of the defendants are citizens of

the state in which the action is brought.  (28 U.S.C. § 1441(b).)  Absent "federal

question" or "diversity" jurisdiction, the U.S. District Court may not adjudicate a

case without some other basis for subject matter jurisdiction.

Defendants argue that the U.S. District Court does not have subject

matter jurisdiction over the Eviction Case.  (Doc. No. 116 at 11–14.)  Defendants

contend that there is no federal question jurisdiction because the eviction case

does not invoke any federal laws, and that there is no diversity jurisdiction

because the case was brought in the state of Plaintiffs' citizenship. (*Id.*)

Plaintiffs cite 28 U.S.C. § 1452 in their "Notice of Removal."  (Doc.

No. 73 at 7.)  This statute allows a party to remove claims related to bankruptcy

proceedings to the U.S. District Court as described in 28 U.S.C. § 1334.  (*Id.*)

Defendants argue that this case is not "related to" the bankruptcy proceeding

because the events surrounding the Eviction Case occurred before the

bankruptcy proceedings even began.  (Case No. 13-1920, Doc. 116 at 13–14.)  In

the alternative, Defendants argue that the Court is still statutorily required to

remand the Eviction Case because 28 U.S.C. § 1334(c)(2) states that:

> Upon timely motion of a party in a proceeding based upon a State
> law claim or State law cause of action, related to a case under title
> 11 but not arising under title 11 or arising in a case under title 11,
> with respect to which an action could not have been commenced in a
> court of the United States absent jurisdiction under this section, the
> district court shall abstain from hearing such proceeding if an action
> is commenced, and can be timely adjudicated, in a State forum of
> appropriate jurisdiction.

(*Id.* at 14–15, citing 28 U.S.C. § 1334(c)(2).)

This Court agrees that the U.S. District Court lacks both diversity jurisdiction and subject matter jurisdiction with respect to the eviction case.  The 3135 case raises no issues of federal law, so there is no federal question.  Further, diversity jurisdiction does not exist because the case was brought in the state where the defendants in the eviction case (Plaintiffs in the current case) are citizens.  Nor does the Court have "related to" jurisdiction under 28 U.S.C. § 1334.  The 3135 case is largely unrelated to the other consolidated cases, except to the extent that there are common parties.  Even if the eviction case were "related to" the consolidated case, the action was commenced in state court and there is no indication that it would not be timely adjudicated in state court.

Accordingly, it is appropriate to remand the Eviction Case to Minnesota State Court so that the case may proceed in that venue.  Defendants' Motion to Withdraw the Reference as to the Eviction Matter, Sever the Eviction Matter from the Consolidated Case, and Remand the Eviction Matter to State Court should be granted.

IV. **Defendants' Motions to Dismiss**

**Standard of Review.**  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) a complaint need not contain detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,

127 S.Ct. 1955 (2007)).  A complaint must contain sufficient facts to state a claim

that is not merely conceivable, but rather, is plausible.  *Id.*, 127 S.Ct. at 1974.

When reviewing a motion to dismiss, the claim must be liberally construed,

assuming the facts alleged therein to be true and drawing all reasonable

inferences from those facts in the plaintiff's favor.  *Id.*  A complaint should not be

dismissed simply because a court is doubtful that the plaintiff will be able to prove

all of the factual allegations contained therein.  *Id.*  Accordingly, a well-pleaded

complaint will survive a motion to dismiss even where the likelihood of recovery

appears remote.  *Id.* at 1965.  However, a plaintiff cannot rely upon general and

conclusory allegations to survive a Rule 12(b)(6) motion.  *Martin v. Sargent*, 780

F.2d 1334, 1337 (8th Cir. 1985).

When matters outside the pleadings are presented with a Rule

12(b)(6) motion, and those matters are not excluded by the court, the motion

should be treated as a Fed. R. Civ. P. 56 motion for summary judgment.

However, on a motion to dismiss for failure to state a claim, the court may

consider extraneous materials that are outside the complaint if such materials are

"necessarily embraced" by the pleadings. *Piper Jaffray v. Nat'l Union Fire Insur.*

*Co.*, 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing *Vizenor v. Babbitt*, 927

F.Supp. 1193, 1198 (D. Minn. 1996)).  *See also  Parnes v. Gateway 2000, Inc.*,

122 F.3d 539, 546 n.9 (8th Cir. 1997).  Materials which are necessarily embraced

by pleadings may include copies of underlying pleadings and documents

incorporated by reference.  *Piper Jaffray*, 967 F. Supp at 1152.  In addition,

materials which are public record may be considered in deciding a motion to

dismiss.  *E.E.O.C. v. Am. Home Prod., Corp.*, 199 F.R.D. 620, 627 (N.D. Iowa

2001) (citing *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107

(8th Cir. 1999)).  On the other hand, "written or oral evidence in support of or in

opposition to the pleading that provides some substantiation for and does not

merely reiterate what is said in the pleading," may be construed as "matters

outside the pleadings," requiring treatment of the motion as one for summary

judgment.  *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 948 (8th

Cir. 1999).

**Amended Complaint.**  Plaintiffs have filed a 90-page, 33-count

Amended Complaint, supplemented by exhibits which consist of Bankruptcy

Court documents relating a motion for relief from the automatic stay, the

underlying Note and Mortgage, law firm correspondence regarding the Note

default, and mortgage foreclosure and Sheriff's sale notices and affidavits.  The

pleading introduces the lawsuit as one for willful fraudulent conduct, intentional

violations of civil and constitutional rights, and conduct in violation of RICO[8] for

which despicable actions the Plaintiffs are entitled to treble and punitive

damages.  The claims are alleged to arise out of an unlawful foreclosure,

wrongful eviction and fraudulent acts designed to deprive Plaintiffs of real estate.

---

[8]  Racketeer Influenced Corrupt Organizations Act (18 U.S.C. § 1961, et seq.)

(Amd. Compl. 1.)  Plaintiffs allege federal question jurisdiction for civil rights

violations under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986; RICO violations

under 18 U.S.C. § 1964; and violations of the Debt Collection Practices Act at 15

U.S.C. § 1692(a).  Plaintiffs also allege supplemental jurisdiction over Minnesota

statutory and constitutional claims.  (*Id.* 5, 9.)

        The Amended Complaint next alleges the business and/or

employment status of each defendant and generally alleges each Defendant's

involvement in a conspiracy with the other Defendants to deprive Plaintiffs of their

civil and/or property rights.  (*Id.* 6-8.)  The pleading thereafter evolves into a

discourse on the allegedly fraudulent nature of various lending and mortgaging

company practices such as robo-signing and the creation of mortgage-backed

securities.[9]  (*Id.* 14-30.)  The Amended Complaint purports to state "Factual

Allegations" (*Id.* 10-35.) as a prelude to the enumeration of counts, though in

reality it would be difficult to discern even a single statement that could be

construed as a fact that would support the claim under discussion in any

meaningful fashion.  Rather, the document repeatedly alleges that all Defendants

---

[9]  The term robo-signing as used in the mortgage industry refers to the
practice of signing foreclosure documents without reviewing them, assuming the
papers to be correct*.  Investopedia, "robo-signer,"*
*http://www.investopedia.com/ters/r/robo-signer.asp (last visited March 11, 2014.)*
As noted previously, Plaintiffs did not make any payments on their mortgage.
Foreclosure proceeding commenced within a few months after the mortgage was
obtained and there was no sale or assignment of the mortgage that would raise
securitization issues and no transfers involving robo-signing.  In short, there are
no facts relating to the note and mortgage in this case to indicate that robo-
signing or securitization are relevant concerns.

committed unlawful acts without any reference whatsoever to factual details that might (at least arguably) establish that a particularly identified action by a Defendant was unlawful or that any specified Defendant performed or participated in such act.  With respect to each of the individual counts in the Amended Complaint, the absence of facts to support the particular count, and any defendant's involvement, is even more pronounced.  This conclusion applies unequivocally as to purported civil rights claims, fraud claims, claims under the Fair Housing Act, Fair Debt Collection Practices Act, RICO Act, Consumer Credit Protection Act, Real Estate Settlement Procedures Act, Home Owners Equity Protection Act, Federal False Claims Act, Securities Fraud claims, constitutional claims, and all the various statutory and common law state claims that have been alleged.  Upon examination of the entire Amended Complaint, including the 12 attached exhibits, this Court is unable to cobble together enough relevant facts that could conceivably support a single cause of action under any one of the theories of liability that have been alleged, much less 33 separate counts.

The Amended Complaint in this matter does not merely fail to assert sufficient facts to establish a plausible claim for relief as to any of the asserted claims, the pleading fails to assert any facts at all that might support any other cause of action, real or imagined.  The document consists of nothing whatsoever other than bare allegations and conclusory language that do not approach the pleading standards necessary to survive a motion to dismiss under *Twombly* and

*Iqbal.* Defendants' motions to dismiss under to Fed. R. Civ. P. 12(b)(6) should be granted and this action should be dismissed with prejudice as to each count in the Amended Complaint. (*Id.* 36-87.)

## V. <u>**Individual Counts**</u>

As discussed below, dismissal of each count in Plaintiffs' Amended Complaint is appropriate for reason(s) in addition to the overall failure to plead sufficient facts to state a plausible cause of action.  Indeed, this Court finds that each of the grounds for dismissal of individual Counts asserted by Defendants Wells Fargo (Doc. No. 102, Mem. in Support of Mot. to Dismiss) (joined by the Schiller Defendants, Doc. No. 106) is well founded and warrants dismissal of the particular Count being addressed with respect to all Defendants.  It is noteworthy that many of the Counts have no relevance to the circumstances of this case and were obviously included without any cogent and meaningful thought whatsoever as to how they might provide Plaintiffs a means to obtain relief.

**Count 1: 42 U.S.C. § 1983.**  Plaintiffs allege §1983 violations against all Defendants and allege Wells Fargo's "Treason" and violation of Plaintiff's civil and constitutional rights.  §1983 provides for a cause of action against a government action for violation of civil rights.  No defendant in this case is a government actor or a party acting under color of law.  The claim is frivolous on its face and dismissal is appropriate.

**Counts 2 and 3: 42 U.S.C. § 1985 and 42 U.S.C. § 1986.**  These

statutory provisions provide a cause of action for conspiracy to advance a class-based discriminatory purpose.  Plaintiffs identify themselves as Asian Pacific Islanders and allege that Defendants conspired to interfere with various civil rights in a racially motivated fashion in violation of §1985, and failed to prevent such civil rights interference in violation of §1986.  The Amended Complaint contains nothing to support a conspiracy theory, and no specific factual allegation of racial or ethnic discrimination or discriminatory purpose.  Claims of discriminatory conspiracy and neglecting to prevent such conspiracy under 42 U.S.C. § 1985 and 42 U.S.C. § 1986 are wholly without merit and should be dismissed on these grounds as well as general failure to meet pleading standards.

**Count 4: 42 U.S.C. § 1981.**  Plaintiffs allege §1981 violations against all Defendants by way of discrimination and violation of their equal rights under the law.  §1981 prohibits racial discrimination in regards to contractual obligations.  *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 468 (8th Cir. 2009).  Again, though Plaintiffs identify themselves as Asian Pacific Islanders, they offer no factual allegations to establish a discriminatory action or discriminatory intent by any defendant and no facts are stated to support allegations of any defendant's interference with protected contractual activity.  *Id.* at 469, 471.  Plaintiffs have no grounds for a claim under 42 U.S.C. § 1981 and Count 4 should therefore be dismissed.

**Count 5: 42 U.S.C. § 1982.**  Plaintiffs allege that, by way of fraudulent conduct, including robo-signing, Defendants interfered with their right to lease, sell, hold and convey property, in violation of rights under 42 U.S.C. § 1982.  The purpose of the statute is protection from racial discrimination.  *Fantroy v. Greater St. Louis Labor Council*, 478 F. Supp. 355, 357 (D. Mo. 1979).  Again, Plaintiffs appear to rely upon their status as Asian Pacific Islanders and again, they fail to present required factual allegations to support claims of discriminatory action and intent.  *Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004).  Count 5 should be dismissed.

**Count 6: Bankruptcy Fraud.**  Plaintiffs allege fraud in several respects in connection with bankruptcy proceedings.  The claim consists entirely of conclusory statements and is not asserted with any factual particularity as mandated by Fed. R. Civ. P. 9(b).  *Drobnak v. Andersen Corp.*, 298 F.3d 778, 783 (8th Cir. 2009).  Plaintiffs have not stated a fraud claim in regards to bankruptcy actions, foreclosure proceedings, or the sheriff's certificate of sale[10] and Count 6 should therefore be dismissed.

**Count 7: Fair Housing Act.**  This count alleges that Plaintiffs are minority persons against whom Defendants have discriminated by fraudulently

---

[10]  The claim of a fraudulent Certificate of Sheriff's Sale appears to be derived from the theory that Wells Fargo was not a holder in due course of the Note connected to the property and mortgage.  This is merely a variant of the "show-me-the-note" theory that has been fully discredited.  *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d. 1027, 1033 (8th Cir. 2012).

refusing to sell, negotiate fairly, or rent a dwelling because of their race or ethnicity.  The Amended Complaint does not assert that any Defendant sold or refused to sell or rent property to the Plaintiffs, and the record establishes that Plaintiffs were, in fact, provided a mortgage.  *See* 42 U.S.C. § 3601 *et seq.* Moreover, there is absolutely no evidentiary showing of the discriminatory intent needed to maintain a Fair Housing Act claim.  *Dirden v. Dep't of Housing and Urban Development*, 86 F.3d 112, 114 (8th Cir. 1996).  Count 7, therefore, should be dismissed.

**Count 8: Fair Debt Collection Practices Act.**  The FDCPA prohibits certain abusive practices by debt collectors seeking payment for consumer debt. The Amended Complaint contains no facts to demonstrate that defendants in this matter were engaged in conduct of a nature that is prohibited by the FDCPA, and even the conclusory allegations fail to charge defendants with the kind of abusive conduct by debt collectors that is contemplated under the FDCPA.  Count 8 should be dismissed.

**Count 9: RICO, 18 U.S.C. § 1961, et seq.**  Plaintiffs allege fraud under the RICO statute without direct reference to a single fact that would implicate any defendant in specific conduct that would be material to a RICO violation.  Count 9 generally describes the sort of conduct that would constitute a RICO enterprise, then merely alleges that the Defendants conspired to engage in such a pattern of activity.  It contains no specific factual allegations of

wrongdoing.  *See Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008).  Count 9 should be dismissed.

**Count 10: Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq.**  The purpose of this statute is to protect borrowers by requiring complete disclosure of terms of financing.  Again, this Count generally asserts that defendants were required to make meaningful financial disclosures and they failed to do so, but fails to specifically allege any wrongdoing.  Count 10 should be dismissed.

**Count 11: Real Estate Settlement Procedures Act,  12 U.S.C. § 2601, et seq.**  This statute prohibits kick-backs to loan brokers and real estate agents, and mandates various disclosures.  Once again, there are no facts in the Amended Complaint to evidence kick-backs, failure to make disclosures, or other conduct addressed by the statute.  Moreover, Defendants correctly assert that a one-year period of limitations, 12 U.S.C. § 2614, would applies as a bar to any kick-back claim.  Count 11 should be dismissed.

**Count 12: Home Owners Equity Protection Act, 12 U.S.C. § 2601, et seq.**  Plaintiff allege fraud and failure to disclose in violation of the Home Owners Equity Protection Act ("HOEPA") and the Home Owners Protection Act ("HOPA").  HOPA relates to private mortgage insurance as a condition for a residential mortgage, and HOEPA applies only if mortgage points and fees exceed a specified amount.  Plaintiffs have not pled any facts regarding mortgage

insurance requirements or HOEPA applicability, or for that matter, any other

pertinent facts that would be evidence of violations of these Acts by any

Defendant.  Count 12 should be dismissed.

### Counts 13-17: False Claims Act, 31 U.S.C. § 3729, et seq.

Plaintiffs seek to assert claims of fraud on behalf of the United States.  In addition

to the complete absence of facts to support any claim for a fraud perpetrated

against the United States, and the failure to plead any facts with particularity,

Plaintiffs cannot proceed on *qui tam* claims pro se, and they did not file their

pleading under seal, did not serve the U.S. Attorney, and did not permit the

government an opportunity to investigate the claims as required under 31 U.S.C.

§§ 3730(e)(4)(A) and 3730(b)(2).   The False Claims Act counts, 13-17, should be

dismissed.

### Count 18: Securities Fraud, 15 U.S.C. § 77a, et seq.   The

Amended Complaint contains no facts whatsoever that would implicate the

Securities Act of 1933 or the Securities Exchange Act of 1934 in their financial

and/or mortgage relationship with Defendants in this matter, and Plaintiffs have

certainly not alleged required particularized evidence that would permit them to

advance such fraud claims.  Count 18 should be dismissed.

### Count 19: Minnesota False Claims Act, Minn. Stat. § 15C.02.

Dismissal of false claims charges under Minnesota statute should be dismissed

for substantially the same reasons that claims under parallel federal law should

be dismissed.  Plaintiffs did not file the complaint under seal for 60 days and

thereafter receive court approval before service, and the alleged claims and

similar claims have been publicly disclosed.  In any event, there are no facts

alleged that would support such a cause of action under state law.  Count 19

should be dismissed.

### Count 20: Quiet Title and Count 22: Adverse Possession.

Plaintiffs base their quiet title claim in Count 20 on a claim for adverse possession

asserted in Count 22.  No facts have been alleged to support a claim of adverse

possession and the record clearly establishes that Plaintiffs have not met the 15-

year possession requirement for adverse possession under Minn. Stat. § 541.02.

*Ehle v. Prosser*, 197 N.W.2d 458, 462 (Minn. 1972).  Claims under state law for

adverse possession (Count 22) and quiet title (Count 20) have absolutely no

merit and should be dismissed.

**Count 21: Right to Privacy.**  The Amended Complaint neither

establishes a legal basis for the privacy rights they purport to assert as violations

of the U.S. Constitution and the Minnesota Constitution, nor do they state facts or

theory as to how the Defendants may have violated those presumed rights.  The

Count 21 claim for violation of privacy rights should be dismissed.

**Count 23: Cancellation of False Instruments.**  Plaintiffs seek

cancellation of allegedly fraudulent documents used to convey property.  As

noted throughout this Report, Plaintiffs have utterly failed to state necessary facts

and have not alleged fraud of any kind with any particularity.  The Court declines to hypothesize as to a possible claim in this regard.  Count 23 should be dismissed.

Count 24: Aiding and Abetting.  This claim simply alleges that each Defendant aided and abetted the others in wrongful business conduct, fraud, and conversion.  The claim does not particularly identify the underlying unlawful conduct, and the Amended Complaint does not state any facts to support claims for either underlying wrongful actions or aiding and abetting in such actions.  Count 24 should be dismissed.

Count 25: Civil Conspiracy.  Plaintiffs have not successfully alleged any underlying unlawful act that would provide a basis for a conspiracy to commit such act.  The claim for civil conspiracy should therefore be dismissed. *D.A.B. v. Brown*, 570 N.W.2d 168, 172 (Minn. App. 1997) (citing *Harding v. Ohio Cas. Ins. Co.,* 41 N.W.2d 818, 824-25 (Minn. 1950)).  Moreover, Plaintiffs have not alleged facts to establish the existence of any conspiracy.  Count 25 should be dismissed.

Count 26: Breach of Contract.  Plaintiffs allege material breach of contract resulting from Defendants' fraudulent acts, but they do not specifically identify any contract that was breached; they do not allege the elements of a breach of contract; and they provide no particularized facts to establish a fraud claim.  The Count 26 claim for breach of contract should be dismissed.

**Count 27: Tortuous Interference with Contract.**  Plaintiffs allege that some unspecified Defendant's commission of fraud and/or conspiracy to breach a contract constitutes tortuous interference with their contractual relationship with other Defendants.  The claim consists entirely of a generalized and conclusory recitation of the elements of a cause of action for tortuous interference.  No contract is identified; no specific parties to a contract are named; and no facts to establish either fraud or conspiracy are alleged.  Count 27 should be dismissed.

**Count 28: Unjust Enrichment.**  Plaintiffs assert that the Defendants have been unjustly enriched at Plaintiffs' expense as a result of fraud.  Plaintiff's have not stated facts sufficient to support a cause of action for any unlawful actions alleged in the Amended Complaint and therefore fail to state a cause of action of unjust enrichment as a matter of law.  Count 28 should be dismissed.

**Count 29: Malicious Prosecution.**  Plaintiffs claim malicious prosecution by Defendants arising out of wrongful eviction and foreclosure actions.  Defendants correctly state that the foreclosure was by advertisement and was not the result of a lawsuit; and the eviction matter is still pending and has not been decided in Defendants' favor.  Plaintiffs have not and cannot allege prerequisite facts to a malicious prosecution claim.  *Jordan v. Lamb*, 392 N.W. 2d 607, 609 (Minn. App. 1986).  Count 29 should be dismissed.

**Count 30: Breach of Duty of Good Faith & Fair Dealing.**  In this

count Plaintiffs allege breach of fiduciary responsibility by the Defendants by way of fraud.  The Amended Complaint does not state fact to establish the existence of any fiduciary relationship between the Plaintiffs and any Defendants in this action, and again, there are no particularized facts to establish a fraud claim. Count 30 should be dismissed.

**Count 31: Intentional Infliction of Emotional Distress.**  Plaintiffs allege the elements of a cause of action for intentional infliction of emotional distress in conclusory fashion.  There are no facts in the Amended Complaint to establish (1) extreme and outrageous conduct by Defendants; that was (2) intentional or reckless; and (3) caused emotional distress; that was (4) severe. *Hubbard v. United Press Int'l, Inc.*, 330 N.W. 2d 428, 438-39 (Minn. 1983).  Count 31 should be dismissed.

**Count 32: Deceptive Trade & Unfair Business Practices.** Plaintiffs allege Defendants' violation of Minnesota consumer protection statutes, again based upon fraud, conspiracy, debt harassment practices, conversions, theft, making false or misleading statements, and other misdeeds, without any facts whatsoever to identify the specific act or to otherwise support any of the claims.  Furthermore, Plaintiffs have not shown or alleged a public benefit to be derived from allowing them to prosecute an action under the Minnesota Deceptive Trade Practices Act as required under the Minnesota Private Attorney General Statute, Minn. Stat. § 8.31, subd. 3a.  *Ly v. Nystrom*, 615 N.W.2d 302,

314 (Minn. 2000).  Count 32 should be dismissed.

      **Count 33: Declaratory Judgment.**  Plaintiffs seek declaratory relief in their favor as to adverse possession, quiet title, and personal property rights claims, as well as civil rights claims, U.S. and Minnesota constitutional claims, and deceptive trade practices claims.  Declaratory judgment is not a substantive claim, but rather, relies upon the existence and merits of substantive causes of action.  The Court has concluded herein that Plaintiffs have failed as a matter of law to allege any substantive claims that can survive the Defendants' motions to dismiss.  The claim for declaratory judgment therefore fails as well and Count 33 should be dismissed.

## VI. **Motion to Strike Motion Documents**

      Plaintiffs have moved pursuant to Fed. R. Civ. P. 12(f) and Local Rule 7.1 to strike Defendants' motions to dismiss and supporting documents. Fed. R. Civ. P. 12(f) allows the Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The motion to strike is not expressly based upon the grounds provided in Rule 12(f) and upon review of the materials at issue the Court finds no basis on which to strike the materials as being redundant, immaterial, impertinent, scandalous, or stating an insufficient defense.

      With respect to Plaintiffs' contentions that Defendants failed to follow Local Rule 7.1 meet and confer requirements and notice and service

requirements for motions to dismiss, the Court finds no grounds on which to deny

said motions to dismiss.  A meet and confer statement was filed in connection

with each motion (Doc. Nos. 104 and 110), and in both instances the Court

concludes that the Plaintiffs had been contacted prior to the motion and had

indicated their opposition to the relief sought in the particular motion.  Under the

circumstances in this case, the meet and confer obligations were satisfied.  *See*

*Edeh v. Equifax Info. Servs., LLC*, 295 F.R.D. 219, 223 (D. Minn. 2013).

As to service of the motion papers on the Plaintiffs, a Certificate of

Service (Doc. No. 111) was filed with respect to the Schiller motion materials and

the Court therefore concludes that no violation of LR 7.1 involving service and

filing of that motion has been shown.  With respect to Wells Fargo's motion to

dismiss, the Plaintiffs allege failure to attach Proof of Service, but they do not

contend that they did not have actual knowledge of the filings.  Local Rule 7.1(g)

provides remedies that the Court may impose for a party's failure to timely file

and serve motion documents.  LR 7.1(g)(6) states that the Court make take any

action the Court deems appropriate.  This Court concludes that both Plaintiff Nhut

Le and Plaintiff Chai M. Le were served a proposed order for dismissal of their

action (Doc. No. 105); Plaintiffs had actual notice of Defendant Wells Fargo's

motion filings; and Plaintiffs have not shown that the motion documents were not

served.  Moreover, Local Rule 7.1 does not expressly states that certificate of

service of motion documents must be filed.  Plaintiffs had a full and fair

27

opportunity to respond to Wells Fargo's motion to dismiss and have shown no prejudice as a result of any failure to file Proof of Service of motion documents by Wells Fargo. Under these circumstances Plaintiffs' Motion to Strike should be denied.

Based upon the file and records in this action, along with the motions, memorandums, and exhibits that are before the Court, the Magistrate Judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that:

1. Defendants' Motion to Withdraw the Reference as to the 2050 Case should be **GRANTED** (Doc. No. 121). The District Court would thereby obtain jurisdiction over non-core bankruptcy matters in the 3108 adversary proceeding;

2. Defendants' Motion to Sever the Bankruptcy Case from the Consolidated Case should be **GRANTED** (Doc. No. 128). The core bankruptcy matter would thereby be returned to the Bankruptcy Court;

3. Defendants' Motion to Withdraw the Reference as to the Eviction Matter, Sever the Eviction Matter from the Consolidated Case, and Remand the Eviction Matter to State Court should be **GRANTED** (Doc. No. 114). The District Court would thereby obtain jurisdiction over the eviction matter and thereafter directly remand the eviction matter to Ramsey County District Court;

4.  Defendant Wells Fargo's Motion to Dismiss Plaintiffs' Amended Complaint should be **GRANTED** (Doc. No. 100);

5.  The Schiller Defendants' Motion to Dismiss Plaintiffs' Amended Complaint should be **GRANTED** (Doc. No. 106); and

6. Plaintiffs' Motion to Strike under Rule 12(f) and/or Local Rules should be **DENIED** (Doc. No. 140);

Dated:   March 17, 2014

 Jeffrey J. Keyes
Jeffrey J. Keyes
United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 1, 2014, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.