# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Nhut Le and Chai M. Le,<br><br>                    Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank, N.A., Schiller & Adam,<br>P.A., James J. Pauley, Divine N. Difongwa,<br>Rebecca Schiller, Sarah J.B. Adam, Jeffrey<br>D. Klobucar, and Sidney Jintara Yang,<br><br>                    Defendants. | Case No. 13-cv-1920 (SRN/JJK)<br><br><br>**ORDER** |

Nhut Le and Chai M. Le, Maplewood, Minnesota 55117, *pro se* Plaintiffs.

Jeffrey D. Klobucar, Schiller & Adam, P.A., 25 Dale Street North, Saint Paul, Minnesota 55102, and Ellen B. Silverman, Hinshaw & Culbertson LLP, 333 South Seventh Street, Suite 2000, Minneapolis, Minnesota 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the Court on Plaintiffs' Corrected Objections [Doc. No. 167] to

United States Magistrate Judge Jeffrey J. Keyes's March 17, 2014, Amended Report and

Recommendation ("R&R") on Defendants' Motions to Dismiss and Motions on Bankruptcy

References [Doc. No. 162]. For the reasons that follow, the Court overrules the Objections

and adopts the R&R in its entirety.

Also before the Court is Plaintiffs' Motion for Mandatory Withdrawal of Reference

[Doc. No. 164]. For the reasons that follow, the Court grants in part and denies in part this

motion, consistent with the Magistrate Judge's R&R.

## II.   BACKGROUND

The Magistrate Judge's R&R thoroughly documents the factual and procedural background of the case, which is incorporated here by reference.  The claims in this case arise from the foreclosure and sheriff's sale of Plaintiffs' residence, located in Maplewood, Minnesota.  In October of 2011, a mortgage on the property was granted to Wells Fargo, as security for a promissory note in favor of Wells Fargo as the lender. Foreclosure proceedings began in June of 2012, and the property was sold to Wells Fargo on October 2, 2012.  Plaintiffs received notice that unless the mortgage was reinstated or the redemption period was altered, they were required to vacate the residence by April 2, 2012.  The mortgage was not reinstated, and the redemption period was not altered.

Plaintiffs continued to occupy the residence beyond the redemption period, leading Defendant Schiller & Adam to begin an eviction proceeding in Ramsey County in April of 2013 (Case No. 62-HG-CV-13-1016).  On May 7, 2013, Plaintiffs filed for bankruptcy (Bankr. Case No. 13-32274).  On May 17, 2013, Plaintiffs began an adversary proceeding in the bankruptcy action (Adv. Case No. 13-03108) ("3108").  In June of 2013, Defendants moved to dismiss the 3108 action.  On July 3, 2013, Plaintiffs "removed" the eviction matter from Ramsey County to Bankruptcy Court as a second adversary proceeding (Adv. Case No. 13-03135) ("3135").

Plaintiffs filed the instant case on July 17, 2013.  (Compl. [Doc. No. 1].)  On July 31, 2013, Plaintiffs filed a "Notice of Removal" in their bankruptcy case, essentially attempting to transfer the entire bankruptcy case to this Court as case number 13-2064.

That same day, Wells Fargo moved in Bankruptcy Court to remand the eviction matter to

Ramsey County.  On August 14, 2013, Plaintiffs filed a Notice of Removal of the

eviction matter within the 3135 adversary proceeding, which became case number 13-

2199 in this Court.

On October 17, 2013, the undersigned judge consolidated the federal court cases

and the removed bankruptcy adversary proceedings for all purposes in case number 13-

1920 in this Court.  (Order for Consolidation [Doc. No. 68].)  Plaintiffs filed an Amended

Complaint [Doc. No. 95], alleging violations of civil rights under 42 U.S.C. §§ 1981,

1982, 1983, 1985, and 1986 (Counts 1-5); bankruptcy fraud (Count 6); violation of the

Fair Housing Act (Count 7); violations of the Fair Debt Collection Practices Act (Count

8); RICO violations (Count 9); violation of the Consumer Credit Protection Act (Count

10); violation of the Real Estate Settlement Procedures Act (Count 11); violation of the

Home Owner Equity Procedures Act (Count 12); violations of the Federal False Claims

Act (Counts 13-17); securities fraud (Count 18); violation of the Minnesota False Claims

Act (Count 19); quiet title (Count 20); violations of the United States Constitution (Count

21); adverse possession (Count 22); cancellation of false liens and false interest on real

property (Count 23); aiding and abetting (Count 24); civil conspiracy (Count 25); breach

of contract (Count 26); tortious interference with business contract (Count 27); unjust

enrichment (Count 28); malicious prosecution (Count 29); breach of duty of good faith

and fair dealing (Count 30); intentional infliction of emotional distress (Count 31);

deceptive trade and unfair business practices (Count 32); and declaratory judgment

(Count 33).

On March 17, 2014, the Magistrate Judge recommended that: (1) Defendants'
Motion to Withdraw the Reference as to the 2050 Case (the "3108" adversary case) [Doc.
No. 121] should be granted; (2) Defendants' Motion to Sever the Bankruptcy Case from the
Consolidated Case [Doc. No. 128] should be granted; (3) Defendants' Motion to Withdraw
the Reference as to the Eviction Matter, Sever the Eviction Matter from the Consolidated
Case, and Remand the Eviction Matter to State Court [Doc. No. 114] should be granted; (4)
Defendant Wells Fargo's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. No. 100]
should be granted; (5) the Schiller Defendants' Motion to Dismiss Plaintiffs' Amended
Complaint should be granted; and (6) Plaintiffs' Motion to Strike under Rule 12(f) and/or
Local Rules [Doc. No. 140] should be denied.  (Mar. 17, 2014, R&R at 28-29 [Doc. No.
162].)

On April 1, 2014, Plaintiffs filed a Motion for Mandatory Withdrawal of Reference
[Doc. No. 164].  Plaintiffs also filed Objections [Doc. No. 163] to the R&R on April 1,
2014, and a corrected set of objections [Doc. No. 167] on April 2, 2014.  On April 15, 2014,
Defendant Wells Fargo responded to Plaintiffs' objections [Doc. No. 170], as did the
remaining Defendants [Doc. No. 171].

## III.   DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's
proposed findings and recommendations."  D.Minn. LR 72.2(b)(1).  The district court will
review *de novo* those portions of the R&R to which an objection is made, and it "may
accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR

72.2(b)(3).  Ordinarily, the district judge relies on the record of proceedings before the

magistrate judge.  D.Minn. LR 72.2(b)(3).

### B.  Objections

In a list of twenty-one objections, Plaintiffs essentially argue that: (1) the bankruptcy

case and the eviction case should not be severed from the consolidated case before this

Court; and (2) their Amended Complaint states a claim upon which relief can be granted.

(Corrected Objections at 1-6 [Doc. No. 167].)  Plaintiffs also object to the use of Ellen B.

Silverman's Affidavit, arguing that it is "in dispute with a qualified expert witness," and Ms.

Silverman is not a witness in this case.  (Id. at 1; Pls.' Supplemental Mem. at 1 [Doc. No.

168].)  As for Plaintiffs' Motion for Mandatory Withdrawal of Reference, the Court treats

the arguments therein as additional objections to the extent that they conflict with the R&R.

This motion seeks

> . . . removal of the reference to the Adversary Proceedings only, and/or Notice
> of Removals in this bankruptcy case.  Further relief sought is that the
> bankruptcy court stay the proceedings related to these only adversary cases.
> The Bankruptcy case itself may proceed however, and removal of the
> reference of the Bankruptcy Case is not necessary and will allow the movants
> to continue to pay into the chapter 13 plan.

(Pls.' Mot. for Mandatory Withdrawal of Reference at 4 [Doc. No. 164].)

### 1.  Silverman Affidavit

The Court notes that the Silverman Affidavit [Doc. No. 103] properly identifies and

attaches only documents embraced by the pleadings, and is therefore properly considered.

It does not provide any testimony or factual allegations related to any matter in this

litigation.  Plaintiffs submit a new "expert" report from a forensic handwriting and

document examiner, appearing to suggest that they did not sign their mortgage.  (Ex. A to

Pls.' Mem. [Doc. No. 169].)  Plaintiffs, however, have not suggested until this point that

they did not sign the mortgage.  At this stage, Plaintiffs are not permitted to raise new

arguments.  See Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1067 (8th

Cir. 2012) ("[Plaintiff] was required to present all of his arguments to the magistrate judge,

lest they be waived."); Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp. 2d 942, 947-48 (D.

Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were not

clearly presented to the magistrate judge.").  For these reasons, the Court finds the

Silverman Affidavit permissible, and it declines to consider any argument about a forged

signature.

### 2.  Bankruptcy References

Upon a *de novo* review of the record, the Court agrees with the Magistrate Judge's

recommendation concerning the bankruptcy references.  Currently consolidated are the

1920 and 2064 (core bankruptcy), 3108 (adversary), and 3135 (eviction) cases.

(Consolidation Order [Doc. No. 68].)  With respect to the core bankruptcy case, Plaintiffs

agree that Bankruptcy Court is appropriate so that Plaintiffs may continue to pay into their

Chapter 13 plan.  (Pls.' Mot. for Mandatory Withdrawal of Reference at 4 [Doc. No. 164].)

This position is consistent with the Magistrate Judge's recommendation to grant

Defendants' Motion to Sever the Bankruptcy Case and allow the core bankruptcy case to

proceed in Bankruptcy Court.  Accordingly, the Court grants Defendants' Motion to Sever

the Bankruptcy Case.  Plaintiffs' Motion for Mandatory Withdrawal of Reference is granted

to the extent it is consistent with the R&R.

With respect to the 3108 adversary case, Plaintiffs seek to withdraw the reference. (Pls.' Motion for Mandatory Withdrawal of Reference at 4 [Doc. No. 164].)  This position is consistent with the Magistrate Judge's recommendation that Defendants' Motion to Withdraw the Reference be granted.  As the Magistrate Judge properly analyzed, judicial economy favors keeping the 3108 adversary case in this Court, because the allegations in the 3108 adversary case are similar to those in the Amended Complaint.  Moreover, the issues presented in this adversary case are "non-core"—that is, they "do not invoke a substantive right created by federal bankruptcy law and could exist out of a bankruptcy, although they may relate to a bankruptcy."  Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773-74 (8th Cir. 1995).  Defendants' Motion to Withdraw the Reference as to the 2050 Case (the 3108 adversary case) is granted.  Plaintiffs' Motion for Mandatory Withdrawal of Reference is granted with respect to the 3108 adversary case.

With respect to the 3135 eviction matter, the Court agrees with the Magistrate Judge's recommendation that Defendants' Motion to Withdraw the Reference as to the Eviction Matter, Sever the Eviction Matter from the Consolidated Case, and Remand the Eviction Matter to State Court be granted.  As with the 3108 adversary case, the issues in the eviction case are non-core, and therefore withdrawal of the reference is appropriate. Additionally, severing and remanding the eviction case is proper, because it is largely unrelated to the other claims in the consolidated case, and there is no independent basis for subject matter jurisdiction over the eviction case.  No federal question jurisdiction exists because the eviction case does not invoke any federal laws, see 28 U.S.C. § 1331, and no

7

diversity jurisdiction exists because the case was brought in the state of Plaintiffs' citizenship.[1]  See 28 U.S.C. § 1441(b).  The Court has full faith in Minnesota's state courts to adjudicate the eviction matter properly and timely.  Therefore, Defendants' Motion to Withdraw the Reference as to the Eviction Matter, Sever the Eviction Matter from the Consolidated Case, and Remand the Eviction Matter to State Court is granted.  Regarding the 3135 eviction matter, Plaintiffs' Motion for Mandatory Withdrawal of Reference is denied to the extent it conflicts with the R&R.

### 3.  Failure to State a Claim

*De novo* review of the record shows that Plaintiffs fail to state any claim for which relief can be granted.  The bare allegations and conclusory language in the Amended Complaint do not meet the pleading standards under Ashcroft v. Iqbal, 555 U.S. 662 (2009) and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007).  The Court agrees with the Magistrate Judge's reasoning and does not see any basis to conclude otherwise based on Plaintiff's Objections.  Dismissal of all claims in the Amended Complaint is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV.   ORDER

The Court **OVERRULES** Plaintiffs' Corrected Objections [Doc. No. 167] and **ADOPTS** the Magistrate Judge's March 17, 2014, Amended Report and Recommendation [Doc. No. 162].  Accordingly, **IT IS HEREBY ORDERED THAT**:

1.  Defendants' Motion to Withdraw the Reference as to the 2050 Case [Doc. No. 121] is **GRANTED**, and this Court obtains jurisdiction over non-core bankruptcy matters in the 3108 adversary proceeding.

---

[1]  Defendants in the eviction case are Plaintiffs in the instant case.

2.  Defendants' Motion to Sever the Bankruptcy Case from the Consolidated Case [Doc. No. 128] is **GRANTED**, and the core bankruptcy matter is returned to Bankruptcy Court.

3.  Defendants' Motion to Withdraw the Reference as to the Eviction Matter, Sever the Eviction Matter from the Consolidated Case, and Remand the Eviction Matter to State Court [Doc. No. 114] is **GRANTED**.  This Court obtains jurisdiction over the eviction matter and directly remands the eviction matter to Ramsey County District Court.

4.  Defendant Wells Fargo's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. No. 100] is **GRANTED**.

5.  The Schiller Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [Doc. No. 106] is **GRANTED**.

6.  Plaintiffs' Motion to Strike under Rule 12(f) and/or Local Rules [Doc. No. 140] is **DENIED**.

7.  Plaintiffs' Motion for Mandatory Withdrawal of Reference [Doc. No. 164] is **GRANTED IN PART** and **DENIED IN PART**, consistent with the Magistrate Judge's R&R and this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:        April 28, 2014                          s/ Susan Richard Nelson
                                                      SUSAN RICHARD NELSON
                                                      United States District Court Judge